Citation Nr: 1706060 
Decision Date: 02/28/17 Archive Date: 03/03/17

DOCKET NO. 12-25 611 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Seattle, Washington


THE ISSUES

1. Entitlement to service connection for gynecological disorders other than fibroid tumors, including ovarian cysts, chronic yeast infections, pelvic inflammatory disease, and urinary tract or vaginal infections.

2. Entitlement to an effective date prior to February 9, 2010, for the grant of service-connection for fibroid tumors.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

K. Parke, Associate Counsel


INTRODUCTION

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2).

The Veteran served on active duty with the United States Army from November 1991 to June 1996.

This matter is before the Board of Veterans' Appeals (Board) on appeal from a January 2011 decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Seattle, Washington. Jurisdiction was subsequently transferred to the RO in Wichita, Kansas, when the Veteran relocated, but has now returned to the Seattle RO. This claim was remanded by the Board in May 2016 for additional development.

The Veteran testified before the undersigned Veterans Law Judge (VLJ) at an August 2013 hearing held at the RO (Travel Board). A transcript is of record.

These matters have twice previously been before the Board. In June 2014, the Board reopened a previously denied claim of service connection for gynecological issues and remanded the underlying claim to the Agency of Original Jurisdiction (AOJ) for development and adjudication on the merits. In the same decision, the Board determined that a separate claim of service connection for fibroid tumors was more appropriately a part of the general gynecological claim, and merged the issues. When the matters returned to the Board in May 2016, review of additional evidence and argument required again separating the issues into separate claims. The Board then granted service connection for fibroid tumors and again remanded the question of service connection for other gynecological conditions to the AOJ.

This appeal was processed entirely electronically using the Veterans Benefits Management System (VBMS) and Virtual VA paperless claims processing systems.

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.


REMAND

Unfortunately, a remand is required in this case for the issues on appeal. Although the Board sincerely regrets the additional delay, it is necessary to ensure that there is a complete record upon which to decide the Veteran's claims so that the Veteran is afforded every possible consideration.

The claim for entitlement to service connection for gynecological disorders other than fibroid tumors, including ovarian cysts, chronic yeast infections, pelvic inflammatory disease, and urinary tract or vaginal infections must be remanded in order to secure a medical opinion addressing whether the Veteran's claimed gynecological disorders are the result of or aggravated by her service-connected fibroid tumors. Previous medical opinions addressed solely the question of direct service connection, and did not discuss the fact of service connection for fibroid tumors and the role, if any, such may have played in the development or severity of other conditions.

The claim for entitlement to an effective date prior to February 9, 2010, for the grant of service connection for fibroid tumors must be remanded to the AOJ for issuance of an SOC. The Veteran submitted a timely Notice of Disagreement (NOD) in August 2016 to the June 2016 rating decision that granted service connection for fibroid tumors and established February 9, 2010, as the effective date. However, the AOJ has not issued a Statement of the Case (SOC) and the claim must be remanded to the AOJ for issuance of an SOC. 38 C.F.R. § 19.9(c); see also Manlincon v. West, 12 Vet. App. 238 (1999); Godfrey v. Brown, 7 Vet. App. 398, 408-10 (1995). 

Accordingly, the case is REMANDED for the following action:

(This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is required.)

1. Return the claims file to the examiner who performed the July 2016 VA medical examination in order to render an addendum opinion. If the July 2016 examiner is available, she may conduct a records review and respond to the questions below. If the July 2016 examiner otherwise finds it necessary, she should conduct further examination of the Veteran to respond to the questions below. If the examiner is not available, schedule the Veteran for a medical examination, to be conducted by a qualified examiner. 

The claims file, including a copy of this REMAND, should be made available to the examiner.

After a review of the record on appeal, the examiner should provide an opinion as to whether any diagnosed gynecological disorder is at least as likely as not related to (caused or aggravated by) her service-connected fibroid tumors. The examiner should also provide an opinion as to whether any diagnosed gynecological disorder is at least as likely as not related to or aggravated by any treatment for the Veteran's service-connected fibroid tumors, including any surgeries to treat the Veteran's service-connected fibroid tumors. 

All examination findings, along with the complete rationale for all opinions expressed, should be discussed in the examination report.

2. Then, the AOJ should readjudicate the claim. If the benefits sought on appeal remain denied, the Veteran should be provided a supplemental statement of the case (SSOC). The SSOC must contain notice of all relevant actions taken on the claim for benefits, to include a summary of the evidence received, and all applicable laws and regulations considered pertinent to the issue currently on appeal. A reasonable period of time should be allowed for response before the appeal is returned to the Board.

3. Issue the appellant an SOC on the issue of entitlement to an effective date prior to February 9, 2010 for the grant of service-connection for fibroid tumors. The appellant should also be advised that, for the Board to have jurisdiction in that matter, she must file a timely substantive appeal responding to the SOC. Should the appellant submit a timely substantive appeal, the matter should be returned to the Board for appellate review.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112.



____________________________________________
John Z. Jones
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs